IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN W. GERMAINE and
XIAOHONG ZHANG GERMAINE,

                                                                                ORDER

                Plaintiff,

                                                                   13-cv-824-bbc

      v.

SUSSEK MACHINE CORPORATION
and CHRISTOPHER SUSSEK,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiffs John Germaine and Xiaohong Zhang-Germaine have filed a proposed complaint. Because plaintiffs are proceeding in forma pauperis, I am required to screen the complaint under 28 U.S.C. § 1915 to determine whether they may proceed with the case.

      Plaintiffs do not identify a legal theory in their complaint, but I understand them to be raising a claim for breach of contract. Plaintiffs allege that they each had a five-year employment contract with defendants Christopher Sussek and Sussek Machine Corporation, but defendants terminated the contract without just cause.

      Although plaintiffs include references to "harassment" and "retaliation" in their complaint and they cite various federal laws relating to employment discrimination, I do not understand plaintiffs to be raising any discrimination claims in their complaint, for two reasons. First, plaintiffs do not allege any facts that would allow the drawing of an inference

1

that they engaged in conduct protected by federal law for the purpose of a retaliation claim or that defendants subjected them to severe or pervasive harassment for a reason prohibited by federal law. Ellis v. CCA of Tennessee LLC, 650 F.3d 640, 647 (7th Cir. 2011); Tomanovich v. City of Indianapolis, 457 F.3d 656, 663 (7th Cir. 2006). Second, in another case plaintiffs filed at the same time as this one, Germaine v. Hawks, Quindel, Ehlke & Perry, S.C., No. 13-cv-823-bbc (W.D. Wis.), plaintiffs allege that they started administrative proceedings against defendants for employment discrimination but plaintiffs never finished those proceedings as a result of malpractice by their lawyers. This suggests that plaintiffs never received a "right to sue" letter from the agency, which is a prerequisite to filing a discrimination claim under most federal statutes. Hill v. Potter, 352 F.3d 1142, 1145 (7th Cir. 2003).

This court's authority to hear claims like those in this case is limited. Generally, a federal court may hear a case if it arises under federal law, 28 U.S.C. § 1331, or if the parties are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. As discussed above, I do not understand plaintiffs to be raising any federal claims in this case.

With respect to § 1332, plaintiffs have not alleged facts in their complaint showing that they meet the requirements of that statute. Even if I assume that plaintiffs could recover more than $75,000, I cannot infer from plaintiffs' allegations that plaintiffs and defendants are citizens of different states.

"Citizenship" has a specialized meaning under § 1332. An individual is a citizen of

the state where he or she is "domiciled," which means "the state in which a person intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). A corporation such as defendant Sussek Machine is a citizen of the state where it is incorporated and where its principal place of business is. Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 676 (7th Cir. 2006).

In this case, plaintiffs have not included allegations in their complaint about domicile, principal place of business or state of incorporation, but they list Wisconsin addresses for all of the parties, which suggests that the parties may be citizens of Wisconsin. If plaintiffs and defendants are citizens of the same state, I cannot exercise jurisdiction over plaintiffs' claims.

Under most circumstances, I would give plaintiffs an opportunity to amend their complaint to include the missing facts about jurisdiction. However, I cannot do that in this case because another federal court already has concluded that it does not have jurisdiction over the same claims. In Germaine v. Sussek Machine Corporation, No. 13-c-866 (E.D. Wis. Sept. 12, 2013), the court dismissed the case because plaintiffs were raising state law claims for breach of contract, but they failed to show diversity of citizenship between plaintiffs and defendants. If plaintiffs disagreed with that ruling, their remedy was to file an appeal with the Court of Appeals for the Seventh Circuit. They may not avoid the other court's ruling by filing another lawsuit in another federal court. Georgakis v. Illinois State University, 722 F.3d 1075, 1077 (7th Cir. 2013); Orlando Residence, Ltd. v. GP Credit Co., LLC, 553 F.3d 550, 556 (7th Cir. 2009). If plaintiffs wish to proceed with their claims, they

will have to file a lawsuit in *state* court.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

The clerk of court is directed to enter judgment accordingly.

Entered this 19th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge