IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN W. GERMAINE and
XIAOHONG ZHANG-GERMAINE,

                                                          ORDER

                  Plaintiff,

                                                        13-cv-824-bbc

    v.

SUSSEK MACHINE CORPORATION and
CHRISTOPHER SUSSEK,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On March 19, 2014, I dismissed this case brought by plaintiffs John Germaine and Xiaohong Zhang-Germaine for lack of subject matter jurisdiction. Now plaintiffs have filed a notice of appeal of the March 19 decision.

       Because they have not paid the $505 fee for filing an appeal, I construe plaintiffs' notice as a request for leave to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiffs' request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that their appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiffs are trying to appeal the same claims that I dismissed for lack of subject matter jurisdiction. Because there is no legally meritorious basis for plaintiffs' appeal, I must certify that the appeal is not taken in good faith.

Therefore, plaintiffs cannot proceed with their appeal without prepaying the $505 filing fee unless the court of appeals gives them permission to do so. Under Fed. R. App. P. 24, plaintiffs have 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With their motion, they must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues they intend to argue on appeal. Also, they must send along a copy of this order. Plaintiff should be aware that they must file these documents in addition to the notice of appeal they have filed previously.

If plaintiffs do not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require plaintiffs to pay the entire $505 filing fee before it considers their appeal. If plaintiffs do not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that plaintiffs John Walter Germaine and Xiaohong Zhang-Germaine's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that their appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $505 fee for filing this appeal is reflected in the court's financial records.

Entered this 16th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge